| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK<br>----------------------------------------------------------------x<br>JANET GARCIA and CHRISTOPHER HERB,<br>individually and on behalf of all others similarly<br>situated,<br><br>                          Plaintiffs,<br><br>                -against-<br><br>SUK CHAN LEE a/k/a BRUCE LEE and<br>KWANGOK SUNG a/k/a KAY LEE, d/b/a<br>ONE GREENE JAPANESE RESTAURANT<br>& LOUNGE, 17 GREEN FARM a/k/a 17<br>GREENE FARM, FRESH GARDEN, SILVER<br>SPOON, and MIRAI WELLNESS SPA,<br><br>                          Defendants.<br>----------------------------------------------------------------x | <u>ONLINE PUBLICATION ONLY</u><br><br><br><br><br><br><br>MEMORANDUM AND ORDER<br>INCLUDING PRELIMINARY<br><u>INJUNCTION                 </u><br><br>10-CV-1618 (JG) |

A P P E A R A N C E S:

       JONATHAN WEINBERGER
            880 Third Avenue, 13th Floor
            New York, New York 10022
            *Attorney for Plaintiffs*

       YOHAN CHOI
            154-08 Northern Boulevard, No. 2G
            Flushing, New York 11354
            *Attorney for Defendants*

JOHN GLEESON, United States District Judge:

        Plaintiffs Christopher Herb and Janet Garcia brought this action complaining that defendants Suk Chan Lee and Kwangok Sung failed to pay them minimum, overtime, and spread-of-hours wages and retained their tips, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, Article 19 of the New York Labor Law, and the New York spread-of-hours regulation, N.Y. Comp. Codes R. & Regs. tit. 12, § 137-1.7. They assert these claims on behalf of themselves and others employed by the defendants at several small

businesses in Brooklyn, including a sushi restaurant, two grocery stores, a frozen yogurt shop, and a salon.  Herb also claims that the defendants retaliated against him for filing a complaint with the New York State Department of Labor, in violation of section 215 of both the New York Labor Law and FLSA.

Herb and Garcia seek a preliminary injunction barring the defendants from retaliating against their employees for bringing or joining this action or asserting a claim under FLSA.  They also ask that the defendants be enjoined from taking adverse employment action against their employees for any reason without giving plaintiffs' counsel three days notice, except in certain urgent circumstances.

Although I gave the parties an opportunity to present witnesses at an evidentiary hearing, both declined and consented to my decision of the application on the basis of the pleadings, briefing, and affidavits.

## BACKGROUND

Herb began working for the defendants in October of 2009 as a waiter in One Greene Japanese Restaurant & Lounge.  On January 6, 2010, he filed a complaint with the New York State Department of Labor, claiming that he was not paid overtime and that he was required to share his tips with management or other non-service employees.  According to Herb, when he told Sung in or about February of 2010 that he had filed the complaint, she criticized him for doing so and fired him the same day.

Garcia began working for the defendants in 2003 or 2004 as a cashier at 17 Green Farm, a grocery store, and later as a waitress in the restaurant.  On April 12, 2010, she and Herb filed this lawsuit.  At the time, she was working 40 hours per week for the defendants, 32 as a cashier at the grocery store and 8 hours per week at the restaurant.  According to Garcia, Sung

informed her on May 12, 2010 that she was cutting her weekly hours from 40 to 20 because Garcia had filed this suit and cost her "a lot of money for lawyers' fees."

Sung does not deny that she fired Herb in or about February or that she reduced Garcia's hours on May 12, but disputes that she did so in reprisal for their complaints. She claims she dismissed Herb for poor performance and, although her chronology of events is somewhat unclear, she appears to claim that she did so before Herb told her of the complaint he had filed with the state. Sung also claims that she and her husband reduced the hours of all the cashiers at the grocery store, not just Garcia, because of a decline in business, and that they were forced to eliminate Garcia's position as a hostess at the restaurant for the same reason. Sung maintains that she offered to let Garcia stay on at the restaurant as a waitress, but that she refused.

In addition to Sung's affidavit, the defendants also submitted affidavits by two kitchen chefs, two sushi chefs, and a waiter at the restaurant. These employees generally described Herb as lazy and mistake-prone and recalled that he constantly complained about his wages.

DISCUSSION

To win injunctive relief at this stage, the plaintiffs must establish (a) irreparable harm and (b) either (1) a likelihood of success on the merits or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in their favor. *Citigroup Global Markets, Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 35 (2d Cir. 2010).

    a.    *Irreparable Harm*

"A retaliatory discharge carries with it the distinct risk that other employees may be deterred from protecting their rights . . . or from providing testimony for the plaintiff in her effort to protect her own rights." *Holt v. Continental Group, Inc.*, 708 F.2d 87, 91 (2d Cir. 1983); *see also Mitchell v. Robert DeMario Jewelry, Inc.*, 361 U.S. 288, 292 (1960) ("[I]t needs no argument to show that fear of economic retaliation might often operate to induce aggrieved employees quietly to accept substandard conditions."). These risks, as opposed to the financial and psychological distress that often follows a termination, "may be found to constitute irreparable injury." *Holt*, 708 F.2d at 90-91; *see Barturen v. Wild Edibles, Inc.*, No. 07-CV-8127, 2007 WL 4468656, at *6 (S.D.N.Y. Dec. 18, 2007) (preliminarily enjoining retaliation in FLSA suit); *Centeno-Bernuy v. Perry*, 302 F. Supp. 2d 128, 139 (W.D.N.Y. 2003) (same).

I credit the plaintiffs' claims that the threat of retaliation has discouraged other employees from participating in this lawsuit as plaintiffs or witnesses. Even if Herb and Garcia were not in fact retaliated against, it is reasonable to infer that the defendants' adverse action against them so soon after they filed formal complaints may have deterred other employees from asserting their rights under FLSA or joining this lawsuit. Although the five restaurant employees say that they believe Herb's termination was justified, I assign less weight to this testimony than I otherwise would because their sworn statements contain remarkable similarities. For example, the affidavits of the two sushi chefs, Joel Martinez and Enrique Tlatelpa, are exactly the same except for their names and wage information, which were added by hand to the typed statements. In addition, none of their affidavits mention Garcia and so do not dispel the reasonable inference that her termination as a hostess only a month after she filed this lawsuit may have frightened other employees from asserting their rights.

b.      *Serious Questions*

This suit presently consists of little more than an accusation and a denial.  Herb and Garcia claim that the defendants violated labor laws and retaliated against them for insisting upon their rights. The defendants answer that they are in compliance with the law and were motivated by legitimate reasons when they fired Herb and reduced Garcia's hours.  Affidavits by other employees provide some support for the defendants' version of events.  Given these conflicting allegations, I am unable to say that the plaintiffs are likely to succeed on the merits of their case.

I am persuaded, however, that the plaintiffs have raised sufficiently serious questions going to the merits to make them a fair ground for litigation.  FLSA makes it unlawful for an employer to discharge or otherwise discriminate against an employee for filing a complaint or initiating or testifying in a proceeding alleging a violation of the statute.  29 U.S.C. § 215(a)(3).  "To establish a prima facie case for retaliation, a plaintiff must demonstrate participation in protected activity known to the defendant, an employment action disadvantaging the person engaged in the protected activity, and a causal connection between the protected activity and the adverse employment action."  *Cruz v. Coach Stores, Inc.*, 202 F.3d 560, 566 (2d Cir. 2000) (internal quotation marks omitted).  Here, the defendants do not dispute that Sung fired Herb less than a month after he filed a complaint with the New York State Department of Labor, and, more significantly, that Sung cut Garcia's hours one month after learning that she had filed this lawsuit.  *See Gorzynski v. Jetblue Airways Corp.*, 596 F.3d 93, 110 (2d Cir. 2010) ("A plaintiff can indirectly establish a causal connection to support a . . . retaliation claim by showing that the protected activity was closely followed in time by the adverse employment action." (internal alterations omitted)).  The undisputed timeline and Sung's alleged admission of

a retaliatory motive make plaintiffs' claims a fair ground for litigation.  *Cf. Citigroup Global Markets*, 598 F.3d at 36 (reaffirming the "serious questions" preliminary injunction standard because it "permits entry of an injunction in cases where a factual dispute renders a fully reliable assessment of the merits impossible").

I am also convinced that the balance of hardships tips decidedly in the plaintiffs' favor.  The mere threat of further retaliation against Garcia or other employees could end this potentially meritorious lawsuit at an early stage if enough of them refuse to testify because they conclude that a job paying unlawfully low wages is better than no job at all.  An injunction forbidding retaliation, in contrast, would not prevent or discourage the defendants from engaging in lawful activity.  I do find, however, that requiring the defendants to give notice to plaintiffs' counsel of *any* intended adverse employment action would impose an unnecessary burden on the defendants' legitimate exercise of their managerial prerogatives.  A more limited injunction that prohibits retaliatory action is sufficient: although the defendants must already comply with FLSA, violation of an injunction carries the additional penalties that attend disregard of a court order.

Accordingly, the application for a preliminary injunction is granted.

It is hereby ordered that the defendants, their agents and employees, and all persons acting in concert with them, are restrained and enjoined from taking any adverse employment action against, or terminating the employment of, any plaintiff or other employee for bringing or joining this action or for complaining that the defendants failed to pay them wages in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, or the New York Labor Law.

So ordered.

John Gleeson, U.S.D.J.

Dated: May 26, 2010 at 1:00 p.m.
       Brooklyn, New York